# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TARGET CORPORATION CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 2522 |

## CLASS PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO MOTIONS SEEKING TRANSFER TO LOUISIANA, UTAH, OR MINNESOTA, AND IN SUPPORT OF TRANSFER TO THE HON. ROBERT W. GETTLEMAN (N.D. ILL.) OR, ALTERNATIVELY, TO THE HON. ROBERT N. SCOLA (S.D. FLA.) OR THE HON. ANDREW J. GUILFORD (C.D. CAL.)

This Consolidated Response is filed on behalf of plaintiffs in twenty-eight (28) class actions pending in eighteen (18) United States District Courts around the country (collectively, "Class Plaintiffs").[1] Class Plaintiffs have conferred to determine the most appropriate venue for centralization of pretrial proceedings and to provide the Panel with a unified position regarding transfer pursuant to 28 U.S.C. § 1407. Although Class Plaintiffs agree that the actions against

---

[1] The responding Class Plaintiffs include named plaintiffs in the following class actions: *Gray v. Target Corp.*, No. 13-cv-62769 (S.D. Fla.); *Due Fratelli, Inc. v. Target Corp.*, No. 13-cv-9336 (N.D. Ill.); *Ellis v. Target Corp.*, No. 13-cv-9232 (N.D. Ill.); *Vasquez v. Target Corp.*, No. 13-cv-9279 (N.D. Ill.); *Ponce v. Target Corp.*, No. 13-cv-9070 (N.D. Ill.); *McCarter v. Target Corp.*, No. 13-cv-9147 (N.D. Ill.); *Novak v. Target Corp.*, No. 1:13-cv-9165 (N.D. Ill.); *McPherson v. Target Corp.*, No. 13-cv-9188 (N.D. Ill.); *Switzer v. Target Corp.*, No. 13-cv-01319 (S.D. Ill.); *Bryant v. Target Corp.*, No. 14-cv-00042 (M.D. N.C.); *McLarry v. Target Corp.*, No. 14-cv-00121 (S.D. Cal.); *Wredberg v. Target Corp.*, No. 13-cv-05901 (N.D. Cal.); *Kirk v. Target Corp.*, No. 13-cv-05885 (N.D. Cal.); *Guzman v. Target Corp.*, No. 13-cv-05953 (N.D. Cal.); *Mongold v. Target Corp.*, No. 14-cv-218 (N.D. Cal.); *Saiz v. Target Corp.*, No. 13-cv-09461 (C.D. Cal); *Shanley v. Target Corp.*, No. 13-cv-07279 (E.D.N.Y.); *Knowles v. Target Corp.*, No. 13-cv-00793 (D.R.I); *Sylvester v. Target Corp.*, No. 13-cv-02286 (W.D. Wash.); *Hawkins v. Target Corp.*, No. 13-cv-06770 (E.D. La.); *Rothschild v. Target Corp.*, No. 13-cv-00178 (D. Utah); *Ransom v. Target Corp.*, No. 13-cv-02591 (E.D. Mo.); *Mannion v. Target Corp.*, No. 13-cv-02850 (N.H. Ohio); *Santos v. Target Corp.*, No. 13-cv-07866 (D.N.J.); *Purcell v. Target Corp.*, No. 13-cv-02274 (D. Or.); *Tirado v. Target Corp.*, No. 13-cv-13212 (D. Mass); *Horton v. Target Corp.*, No. 13-cv-03583 (D. Minn.); *Burkstrand v. Target Corp.*, No. 13-cv-03593 (D. Minn.).

4829-6795-4456_3

Target Corporation (the "Related Actions") should be centralized in a single forum for pretrial proceedings, they oppose transfer to Louisiana, Utah, or Minnesota. (MDL No. 2522, ECF Nos. 1, 4, 19). Class Plaintiffs instead request that all actions subject to the pending § 1407 motions (the "Transfer Motions"),[2] as well as any tag-along actions currently or later identified, be transferred for consolidation before the Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois. Judge Gettleman currently presides over seven Target data security breach class actions, and the proceedings in his court have progressed the furthest of any of the Related Actions. Judge Gettleman further brings substantial experience in complex and multidistrict litigation, and sits in a centrally located and convenient venue.

If the Panel does not assign the Related Actions to Judge Gettleman, Class Plaintiffs alternatively propose transfer to the Honorable Robert N. Scola of the United States District Court for the Southern District of Florida or the Honorable Andrew J. Guilford of the United States District Court for the Central District of California.[3]

## BACKGROUND

The Class Plaintiffs have brought twenty-eight (28) class action lawsuits in eighteen (18) federal district courts against Target Corporation on behalf of themselves and all other similarly situated persons whose personal information entrusted to Target—including names, addresses,

---

[2] On January 9, 2014, the Panel notified all involved counsel that the Transfer Motions seek centralization of 33 total actions. (MDL No. 2522, ECF No. 23). As of this filing, the docket reflects thirty-five (35) related actions, which the Panel may treat as potential tag-along actions pursuant to Panel Rule 7.1.

[3] Class Plaintiffs propose Judges Gettleman, Scola, and Guilford because they currently preside over Target class actions in their respective districts. Class Plaintiffs also generally support transfer of the Related Actions to the Northern District of Illinois, Southern District of Florida, or Central District of California and understand the Panel may select any judge in these forums.

2

phone numbers, e-mail addresses, credit and debit card numbers, card expiration dates, personal identity numbers, and security codes (collectively referred to as "PII")—was allegedly stolen while in Target's possession and control. Class Plaintiffs pursue numerous federal and state claims against Target and allege, *inter alia*, that Target failed to properly protect and secure customer's PII, failed to notify affected customers in a timely and adequate manner, and failed to take immediate action once the data breach was discovered to stop the ongoing disclosure of Target's customers' PII or warn customers that their data was not safe when they swiped their cards through Target's point-of-sale machines.[4]

On December 24, 2013, the plaintiff in *Lagarde v. Target Corp.*, 3:13-cv-00821 (M.D. La.), moved this Panel to transfer the Related Actions to the Middle District of Louisiana or, alternatively, to the Eastern District of Louisiana. (MDL No. 2522, ECF No. 1). A second transfer motion was filed December 31, 2013, by plaintiffs in *Rothschild v. Target Corp.*, 1:13-cv-00178 (D. Utah), seeking transfer to the District of Utah. (*Id.*, ECF No. 4). A third motion to transfer was filed January 9, 2014, by plaintiffs in *Ashenfarb v. Target Corp.*, No. 0:14-cv-00010 (D. Minn.), requesting transfer to the District of Minnesota. (*Id.*, ECF No. 19).

The first class action concerning Target's data security breach, *Ponce v. Target Corp.*, 1:13-cv-09070 (N.D. Ill.), was filed in the Northern District of Illinois on December 19, 2013, and assigned to Judge Gettleman.[5] On January 7, 2014, Target moved Judge Gettleman for an

---

[4] Class Plaintiffs' allegations against Target are too numerous to list exhaustively in this Consolidated Response. Accordingly, Class Plaintiffs respectfully refer the Panel to the class complaints accompanying the Transfer Motions.

[5] There were a small number of similar complaints filed the same day. Counsel for the *Ponce* plaintiffs have investigated and believe that the *Ponce* complaint was the first filed nationwide, at least by a matter of minutes. *See Ponce*, 1:13cv-09070, ECF No. 39 at n.1. The

3

order reassigning six related cases for consolidation in the Northern District of Illinois. (*Ponce*, 1:13-cv-09070, ECF No. 14). Judge Gettleman granted Target's motion on January 14, 2014, and now presides over seven class actions against Target (collectively, the "Northern Illinois Actions"). (*Id.*, ECF No. 44). As of this filing, the docket for the Northern Illinois Actions reflects sixty-one (61) entries, making Judge Gettleman's court one of the most active, if not the most active, of all courts in which class actions against Target are pending. For instance, a data preservation order was entered in one of the Northern Illinois Actions, Judge Gettleman already has held a motion hearing and has scheduled a second hearing for February 11, 2014, on multiple pending motions, including motions related to discovery and the supervision of Target's communications with the Class. (*Id.*). Judge Gettleman has entered an order granting plaintiffs' motions to file a consolidated complaint and to appoint interim co-lead counsel. The Northern Illinois Actions are being led by court-appointed interim co-lead counsel from various states who were selected by the Class Plaintiffs.

Additionally, Judge Gettleman has presided over at least two MDLs assigned to him by this Panel. *See In re Aftermarket Filters Antitrust Litig.*, 572 F. Supp. 2d 1373 (J.P.M.L. 2008); *In re Trans Union Corp. Privacy Litig.* (MDL No. 1350). *In re Trans Union Corp. Privacy Litigation* involved the privacy rights of tens of millions of consumers. 211 F.R.D. 328, 332-34, 346 (N.D. Ill. 2002). The Panel's statistics on pending MDLs nationwide do not indicate that

---

second-filed case appears to be *Kirk v. Target Corp.*, 3:13-cv-05885 (N.D. Cal.), which also was filed on December 19, minutes after *Ponce*, and is pending in the Northern District of California. Undersigned counsel for plaintiffs in *Ponce* and *Kirk* join in this Consolidated Response.
    Notably, none of the class action complaints filed against Target on December 19, 2013, was filed in Louisiana, Utah, or Minnesota.

4

Judge Gettleman is currently assigned an MDL. *See* MDL Statistics Report—Distribution of Pending MDL Dockets (January 15, 2014) (attached as Ex. 1).

## ARGUMENT

The Class Plaintiffs agree with the moving parties that the Related Actions involve numerous "common questions of fact" and that transfer of the actions "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Transfer Motions more than adequately convey the grounds—the avoidance of duplicative discovery efforts and inconsistent pretrial rulings, as well as the overall conservation of judicial resources—supporting centralization of the Related Actions within a single federal district. Indeed, this Panel has previously indicated that data security breach litigation is a prime candidate for transfer and consolidation under § 1407. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d 1405 (J.P.M.L. 2008); *In re TJX Cos., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d 1382 (J.P.M.L. 2007).

However, Class Plaintiffs oppose the Transfer Motions insofar as they have not advanced transferee forums that would best serve this nationwide litigation. Class Plaintiffs, representing a unified coalition of named plaintiffs in twenty-eight (28) class actions pending in eighteen (18) federal districts, request centralization of the Related Actions before the Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois. Alternatively, Class Plaintiffs propose Judge Robert N. Scola of the Southern District of Florida or Judge Andrew J. Guilford of the Central District of California as transferee judges to supervise this nationwide litigation.

4829-6795-4456_3

## I. THE PANEL SHOULD TRANSFER THE RELATED ACTIONS TO JUDGE GETTLEMAN OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS.

Among the factors the Panel considers in selecting a transferee district, a multitude support transfer to Judge Gettleman for consolidation or coordination in the Northern District of Illinois. For instance, (1) the first-filed nationwide action is before Judge Gettleman, (2) pretrial litigation in the Northern Illinois Actions appears to be the most advanced in the nation, (3) Judge Gettleman has experience handling complex MDL matters, including an MDL involving consumer privacy issues, (4) Judge Gettleman has no MDLs pending, and (5) the Northern District of Illinois offers a geographically central location that is convenient for parties and witnesses.[6]

### A. Judge Gettleman Presides Over Seven of the Target Data Security Breach Class Actions, His Active Docket Includes the First-Filed Action, and He Has Considerable Experience Handling MDLs.

This Panel has often transferred actions to a district where the earliest filed action was pending and where pretrial litigation was most advanced. *See In re Refined Petrol. Prods. Antitrust Litig.*, 528 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007); *In re Household Goods Movers*, 502 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007). Such considerations militate strongly in favor of selecting Judge Gettleman as the transferee judge, as does the relatively large number of cases pending in the Northern District of Illinois. *See In re Elevator & Escalator Antitrust Litig.*, 350

---

[6] According to the Manual for Complex Litigation (Fourth) § 20.13 (2010), JPML Rule 7.2, and the the Panel's opinions cited *infra*, there are numerous factors that the Panel takes into consideration when determining the most appropriate transferee forum. These factors include: where the largest number of cases is pending, where the cases have progressed the furthest, where discovery has occurred, whether the district is in an accessible metropolitan location, the caseload of the transferee district, the transferee district court's experience in managing class actions and complex litigation, and whether all or most of the parties agree to the transferee forum.

6

F. Supp. 2d 1351, 1352 (J.P.M.L. 2004) (transferring 22 actions to district where the first-filed and largest number of the actions were pending); MANUAL FOR COMPLEX LITIGATION, § 20.131 (4th ed. 2004) ("[T]he Panel does consider where the largest number of cases is pending . . . ."). The *Ponce* action, one of the several Northern Illinois Actions pending before Judge Gettleman, is one of the few class actions filed against Target on December 19, 2013, and it appears to be the earliest-filed action nationwide. The Panel has previously given significant weight to the presence of a first-filed action, such as *Ponce*, in rendering a transfer decision. *See In re: Saturn L-Series Timing Chain Prods. Liab. Litig.*, 536 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) (considering "first-filed action" as important factor in determining transferee district).

The docket for the Northern Illinois Actions further confirms that the proceedings in Judge Gettleman's court are the most advanced of all the Related Actions. As of this filing, the docket reflects sixty-one (61) entries, including numerous motions filed by Plaintiffs and Target. Judge Gettleman, unlike the vast majority of judges in the Related Actions, already has held a motion hearing to consider multiple matters. He has granted a motion to consolidate seven of the Related Actions, and has set an additional discovery-related motion hearing for February 11, 2014. (*Ponce v. Target*, 1:13-c-09070, ECF No. 44). Judge Gettleman also has granted plaintiffs' motions to file a consolidated complaint and to appoint interim co-lead counsel for the Northern Illinois Actions. Class Plaintiffs are unaware of any other docket involving class actions against Target in which pretrial proceedings have advanced as progressively and swiftly as in the Northern Illinois Actions. To the contrary, most of the other cases have been stayed.

By selecting Judge Gettleman as transferee judge, the Panel would be choosing a federal judge with extensive experience in handling the pretrial issues that arise in complex litigation

7

over consumers' financial privacy. *See In re Ocean Fin. Corp. Prescreening Litig.*, 435 F. Supp. 2d 1350, 1351 (J.P.M.L. 2006) (assigning litigation to "an experienced transferee judge [who] has already developed familiarity with the issues"); *In re Paxil Prods. Liab. Litig.*, 296 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003) (transferring actions "to a seasoned jurist in a district with the capacity to handle this litigation"). Judge Gettleman previously served as the transferee judge for *In re Trans Union Corp. Privacy Litigation*, which involved a consumer class of approximately 190 million members. 211 F.R.D. at 350. As a result of the *Trans Union* MDL, Judge Gettleman has considerable experience shepherding consolidated, complex class actions involving the privacy issues attendant to the unlawful disclosure of consumer information. *See id.* (describing actions over unlawful sale of consumer reports by credit monitoring agency). Judge Gettleman's considerable experience in handling MDLs is further confirmed by the Panel's transfer of twenty-five actions, and a potential twenty-one tag-along actions, to his court in the *In re Aftermarket Filters Antitrust Litigation*, 572 F. Supp. 2d 1373 (J.P.M.L. 2008).

It appears from the Panel's statistics that Judge Gettleman has resolved all MDLs the Panel has assigned to him. *See* MDL Statistics Report—Distribution of Pending MDL Dockets (Jan. 15, 2014) (attached as Ex. 1). The combination of his MDL experience and favorable docket conditions weighs significantly in favor of his selection as transferee judge. *See In re Comp. of Managerial, Prof'l & Tech. Emp. Antitrust Litig.*, 206 F. Supp. 2d 1374, 1376 (J.P.M.L. 2002) (selecting a transferee judge who was "not currently burdened with another complex Section 1407 docket"). In choosing Judge Gettleman, the Panel would be selecting "a transferee judge with the time and experience to steer this docket on a prudent course." *In re*

*Silica Prods. Liab. Litig.*, 280 F. Supp. 2d 1381, 1383 (J.P.M.L. 2003). Indeed, Judge Gettleman stated that he would work closely with his magistrate and institute his standard MDL procedures.

In sum, many of the considerations this Panel has identified as important in selecting a transferee judge confirm that Judge Gettleman should administer the proposed MDL. Class Plaintiffs respectfully submit that his selection would aid in the just and efficient resolution of the Related Actions.

### B.     Chicago Is a Convenient Forum for All Parties and Witnesses.

One of the critical purposes of § 1407 transfers is to serve "the convenience of parties and witnesses." 28 U.S.C. § 1407. The Panel has often stated that the location of a proposed transferee district is an important consideration. Indeed, geographic centrality is of considerable importance where, as here, no district stands out as the "focal point" of a nationwide litigation. *See TJX Cos., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 505 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (selecting "centrally located" district for "nationwide docket"); *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007) (selecting judge with "the time and experience to steer [the] litigation" in a district that was "relatively conveniently located for many parties and witnesses"). More specifically, the Panel has consistently instructed that Chicago's geographically central location is a "reason commending transfer to the Northern District of Illinois" if "litigation is nationwide." *In re Folding Carton Antitrust Litig.*, 415 F. Supp. 384, 386 (J.P.M.L. 1976); *see also In re "Factor VIII or IX Concentrate Blood Prods." Prods. Liability Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993) ("Chicago is a geographically central location for this nationwide litigation"); *In re Air Fare Litig.*, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971) ("The geographical location of the transferee

court is especially relevant when counsel must travel from distant parts of the country. We think that the Northern District of Illinois will be more convenient for counsel, and thus less expensive for their clients, than either of the other proffered districts."); *In re Butterfield Patent Infringement*, 328 F. Supp. 513 (J.P.M.L. 1970) (transferring actions to the Northern District of Illinois because the judge was "willing to accept the transfer" and because "Chicago is geographically central").

It is indisputable that the Northern District of Illinois is an "accessible, urban district[] equipped with the resources that this complex docket is likely to require." *In re Comp. of Managerial, Prof'l & Technical Employees Antitrust Litig.*, 206 F. Supp. 2d at 1376. Of course, Class Plaintiffs recognize that many districts have urban settings. But no district thus far proposed is as well equipped to handle the proposed MDL as the Northern District of Illinois. Chicago's easily accessible airports and geographic centrality make it the ideal location for handling this nationwide litigation. The Northern District has a well-documented history as one of the most diligent, expeditious federal districts for resolving civil actions. *See* Federal Court Management Statistics (attached as Ex. 2).

Not only is Judge Gettleman well-suited to preside over the proposed MDL, the Northern District of Illinois offers a convenient forum to expeditiously resolve this nationwide litigation.

## II. ALTERNATIVELY, THE PANEL SHOULD TRANSFER THE RELATED ACTIONS EITHER TO THE HON. ROBERT N. SCOLA, JR. (S.D. FLA.) OR THE HON. ANDREW J. GUILFORD (C.D. CAL.)

Should the Panel not select Judge Gettleman, Class Plaintiffs propose two qualified alternative transferee judges: Judge Robert N. Scola, Jr., of the United States District Court for

10

4829-6795-4456_3

the Southern District of Florida, and Judge Andrew J. Guilford, of the United States District Court for the Central District of California.

Target has acknowledged that its data breach has affected at least 70 million customers nationwide. *See* Target Corporation, An Update on Our Data Breach and Financial Performance (attached as Ex. 3). Florida and California are two of the most populous states in the country, and it is likely that a greater portion of the affected Target customers reside in these two states in comparison to others. Indeed, according to Target's state-by-state list of stores, 257 stores are located in California—far more than any other state—and 123 are located in Florida, which is the third highest number of any state. *See* Target Corporation, 2012 Annual Report (attached as Ex. 4). Of the almost 1,800 Target stores nationwide, more than 20 percent are located in these two states. Consequently, it is clear that a substantial portion of the affected consumers, discovery, and witnesses necessary to resolve the proposed MDL will be located in Florida and California.[7]

Additionally, the docket statistics for the Southern District of Florida and the Central District of California demonstrate that these forums would provide swift resolution of the Related Actions. The Southern District of Florida, for instance, has the shortest average time for disposition of civil actions in the country, has the fourth-shortest average time between filing and trial, and has a well-below-average percentage of pending civil cases over three years old. *See* Federal Court Management Statistics (attached as Ex. 2). The Central District of California is

---

[7] The data breach compromised Target's point-of-sale ("POS") systems at store checkout counters, allowing thieves to access and steal the PII of millions of Target customers at stores throughout the United States. Target's POS systems transmitted customer PII to servers in individual stores, creating a decentralized system of data storage throughout the nation. Accordingly, Class Plaintiffs submit that the number of stores in each state will be an important factor in conducting discovery in this litigation.

11

4829-6795-4456_3

close behind. It is one of the fastest federal courts in terms of average time of disposition of civil filings and average time between filing and trial. *See id.*

Judge Scola and Judge Guilford in particular are well-suited to serve as transferee judges. In comparison to the vast majority of Target data security breach actions, *Gray v. Target Corp.*, now before Judge Scola, is one of the more advanced and active. *See* Docket, *Gray v. Target Corp.*, 0:13-cv-62769-RNS (S.D. Fla.) (attached as Ex. 5). From interactions with Judge Scola, Class Plaintiffs have reason to believe that he would welcome transfer of the Related Actions to his court. Furthermore, Judge Scola is not currently handling any MDLs from this Panel. *See* MDL Statistics Report—Distribution of Pending MDL Dockets (January 15, 2014) (attached as Ex. 1).

Judge Guilford currently presides over five class actions filed against Target in the Central District of California. One of the earliest filed actions against Target, *Klein v. Target Corp.*, 8:13-cv-01974-AG-JPR (C.D. Cal.), filed December 19, 2013, is pending before Judge Guilford. Moreover, given the large number of actions against Target in California, and the location of Target's primary counsel in California, the Central District would serve as a convenient location for a substantial number of litigants, including Target.

Accordingly, Class Plaintiffs submit that if the Panel does not transfer the Related Actions to Judge Gettleman, the Panel should select either Judge Scola or Judge Guilford as the transferee judge to preside over the MDL.

### III. THE PANEL SHOULD NOT SELECT ANY OF THE TRANSFEREE DISTRICTS PROPOSED IN THE TRANSFER MOTIONS.

The pending Transfer Motions propose three transferee districts for the Panel's consideration: the Middle (or Eastern) District of Louisiana, the District of Utah, or the District

4829-6795-4456_3

of Minnesota. Although Class Plaintiffs understand that these jurisdictions have previously served as MDL forums and have esteemed judges, Class Plaintiffs submit that these jurisdictions are not preferable or convenient transfer forums for this litigation. The Panel should decline to select any of the Transfer Motions' proposed districts.

To begin, not all plaintiffs in the Transfer Motions' proposed jurisdictions support transfer to Louisiana, Utah, or Minnesota. Counsel for Class Plaintiffs have conferred with counsel representing plaintiffs in Louisiana, Utah, and Minnesota. At least some of the plaintiffs from these states support transferring the Related Actions to Judge Gettleman or, alternatively, Judges Scola or Guilford.[8] In contrast to individual plaintiffs supporting transfer to home districts, Class Plaintiffs represent a unified coalition of plaintiffs from numerous districts who all agree Judges Gettleman, Scola, or Guilford would be the best selections in the event that the Panel grants § 1407 transfer.[9]

---

[8] For example, counsel for plaintiffs in the two earliest-filed Minnesota actions, *Horton v. Target Corp.*, 0:13-cv-03583 (D. Minn.), and *Burkstrand v. Target Corp.*, No. 13-cv-03593 (D. Minn.), join this Consolidated Response. Undersigned counsel for plaintiff in *Hawkins v. Target Corp.*, 2:13-cv-06770-LMA-KWR (E.D. La.) joins this Consolidated Response. Additionally, counsel for plaintiffs in *Rothschild v. Target Corp.*, 1:13-cv-00178 (D. Utah), who have moved this Panel under 28 U.S.C. § 1407 to transfer the Related Actions to the District of Utah, join this Consolidated Response.

Additionally, Plaintiff's counsel in the *Kirk* action in the Northern District of California represent prospective plaintiffs from twenty-one states in addition to California, who will seek to serve as class representatives in whichever district the Panel chooses to hear these matters. All of these prospective plaintiffs support this Consolidated Response and transfer of the Related Actions to one of the districts advocated herein.

[9] The undersigned counsel, who represent plaintiffs in jurisdictions throughout the country, have sought consensus of a proper transferee forum to avoid numerous parochial requests that the litigation be transferred to a litigant's home district. The Panel has found such agreements helpful and relevant in past deliberations. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342 (J.P.M.L. 2006) (support of numerous parties); *In re Standard Automotive Corp. Retiree Benefits "ERISA" Litig.*, 431 F. Supp. 2d 1357 (J.P.M.L.

13

Additionally, of the handful of actions filed against Target on December 19, 2013—the date of first filing—not one is pending in Louisiana, Utah, or Minnesota, and relatively few of the Related Actions are pending in those districts. These facts counsel against transfer to one of these districts. *See In re Household Goods Movers*, 502 F. Supp. 2d at 1357 (citing "first-filed" action as part of reasoning for transfer); *In re Nat'l Security Agency Telecommunications Records Litig.*, 444 F. Supp. 2d 1332, 1335 (J.P.M.L. 2006) ("We conclude that the Northern District of California is an appropriate transferee forum in this docket because the district is where the first filed and significantly more advanced action is pending . . . ."); *In re Elevator & Escalator Antitrust Litig.*, 350 F. Supp. 2d at 1352 (transferring 22 actions to district where the first-filed and largest number of the actions were pending).

Particular aspects of each of the districts proposed in the Transfer Motions also militate against transfer there. For instance, the Middle District of Louisiana, located in Baton Rouge, does not offer an easily accessible, central location for all litigants. Nor is there a substantial number of class actions against Target pending in that district. As of this filing, only the *Lagarde* action and one potential tag-along action are located in the Middle District of Louisiana.

For similar reasons, the District of Utah is not a preferable transferee district. The district has few relevant filings, none of which is particularly advanced. Additionally, the *Rothschild*

---

2006) (preference of a majority of parties); *In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356 (J.P.M.L. 2005) (near unanimous choice of parties); *In re Publication Paper Antitrust Litig.*, 346 F. Supp. 2d 1370 (J.P.M.L. 2004) (transfer to district that majority of plaintiffs and all defendants favored). The undersigned have come to an agreement that reflects the view of a significant portion of the Related Actions. *See In re Silicone Gel Breast Implants Prods. Liability Litig.*, 793 F. Supp. 1098 (J.P.M.L. 1992) (describing displeasure with parties' acrimonious dispute over and denigration of proposed transfer forums).

14

plaintiffs, who moved this Panel for transfer to Utah (MDL No. 2522, ECF No. 4), support this Consolidated Response.

The Panel also should not select the District of Minnesota as the transferee forum. Although Target's headquarters is located in the District of Minnesota, which, of course, is a factor the Panel has considered in § 1407 transfers, this fact is less persuasive in the case *sub judice*. Ordinarily, the "corporate headquarters" factor supports transfer on the basis that documents and witnesses are more likely to be found where the defendant resides. *See, e.g., In re Live Concert Antitrust Litig.*, 429 F. Supp. 2d 1363, 1364 (J.P.M.L. 2006). As explained above, however, the Target data security breach was a nationwide breach compromising servers at local stores. Hence, a significant amount of discovery will come from outside Minnesota, and any remaining Minnesota-based document discovery can be undertaken nearly anywhere by utilizing standard technology. This data breach litigation will be dominated by e-discovery, rendering it less important for counsel and parties to be near corporate headquarters. The relevant documents, which are presently located in numerous jurisdictions, can be easily managed by online document depositories and the like.

Furthermore, unlike other cases, the situs of the offending event does not necessarily lie in the district where corporate headquarters is located. Target itself has described the breach as one that occurred at local stores through Target's POS system, and the computer systems at each store are maintained by local computer consulting firms across the country. This litigation is likely to involve data servers linked to local stores, rather than a single data server location in Minnesota. Indeed, it has been recently reported that the hackers appear to have breached Target's decentralized, store-based computers using credentials stolen from one of Target's

vendors. Thus, Chicago would be the most convenient, centralized location for all parties and witnesses who are located all throughout the country.

Logistical reasons also indicate that the District of Minnesota is less desirable than other jurisdictions for centralization of pretrial proceedings. For instance, Chicago offers two airports with numerous flight options and reasonable average fares. In contrast, Minneapolis offers one airport and has, on average, substantially higher domestic airfares. *See* United States Department of Transportation, Bureau of Transportation Statistics, Unadjusted Average Domestic Itinerary Fares (attached as Ex. 6). This cost factor is considerable when viewed in the aggregate and given the number of named plaintiffs and counsel likely to be involved in this nationwide litigation. The District of Minnesota would not serve the convenience of the many plaintiffs from other states, but would hinder their ability to participate meaningfully in this litigation.

Moreover, the District of Minnesota's caseload statistics do not favor transfer there, particularly in contrast to Class Plaintiffs' proposed forums. A staggering 16.3 percent of civil cases in the District of Minnesota are more than three years old, in contrast to the national average of 9 percent. *See* Federal Court Management Statistics (attached as Ex. 2). Class Plaintiffs' proposed transferee districts all have fewer older pending cases, as well as other civil filing statistics that surpass the District of Minnesota's. The Panel should therefore deny the *Ashenfarb* transfer motion, as the *Ashenfarb* Plaintiffs propose a forum in which this complex class action is likely to further contribute to the significant backlog of pending civil cases.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully submit that the Panel should deny the Transfer Motions insofar as they request less appropriate transferee districts. The Panel

should transfer the Related Actions and any potential tag-along actions to Judge Gettleman in the Northern District of Illinois or, alternatively, to Judge Scola of the Southern District of Florida or Judge Guilford of the Central District of California.

DATED: January 30, 2014               Respectfully submitted,

s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
Adam M. Tamburelli
Frank J. Stretz
Zimmerman Law Offices, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020
Co-Counsel for Plaintiff in *Due Fratelli, Inc. v. Target Corp.*, No. 13-cv-9336 (N.D. Ill.) (Related Case)

s/ John A. Yanchunis
John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
Co-Counsel for Plaintiff in *Ellis v. Target Corp.*, Case No. 13-cv-9232 (N.D. Ill.)
Council for Plaintiff in *Gray v. Target Corp.*, 13-cv-62769 (S.D. Fla.)

s/ Mark T. Lavery
Mark T. Lavery
Hyslip & Taylor LLC LPA
917 W. 18th Street, Suite 200
Chicago, IL 60608
(312) 508-5480
Co-Counsel for Plaintiff in *Ponce v. Target Corp.*, Case No. 13-cv-9070 (N.D. Ill.)

s/ Robert A. Clifford
Robert A. Clifford
Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Co-Counsel for Plaintiff in *Due Fratelli, Inc. v. Target Corp.*, Case No. 13-cv-9336 (N.D. Ill.) (Related Case)

s/ Michael F. Ram
Michael F. Ram
Ram, Olson, Cereghino & Kopczynski
555 Montgomery Street, Suite 820
San Francisco, California 94111
(415) 433-4949
Co-Counsel for Plaintiff in *Due Fratelli, Inc. v. Target Corp.*, Case No. 13-cv-9336 (N.D. Ill.) (*Related Case*)
Counsel for Plaintiff in *Wredberg v. Target Corp.*, 3:13-cv-05885-SC (N.D. Cal.)

s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Counsel for Plaintiffs in *Novak v. Target Corporation*, 1:13-cv-9165 (N.D. Ill.)

17

s/ Joseph J. Siprut
Joseph J. Siprut
Gregg M. Barbakoff
Gregory W. Jones
Siprut P.C.
17 North State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
Counsel for Plaintiff in *McPherson v. Target Corp.*, Case No. 13-cv-9188 (N.D. Ill.)

/s/ Curtis Charles Warner
Warner Law Firm, LLC
1400 E. Touhy Ave. Ste. 260
Des Planes, IL 60018
(847) 701-5290
Fax: (312) 638-9139
Counsel for Plaintiff in *Vasquez v. Target Corp.*, No. 1:13-cv-09279 9 (N.D. Ill.)

/s/ John Driscoll
John Driscoll, Esq.
The Driscoll Firm P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
314-932-3232
314-932-3233 facsimile
Counsel for Plaintiffs in *Switzer, et al. v. Target Corp.*, 13-cv-01319 (S.D. Ill.)

/s/ John R. Hurley
John R. Hurley
Prometheus Partners L.L.P.
The Mills Building
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Main: 415.527.0255
Direct: 415.580.1605
Counsel for Plaintiffs in *Guzman et al v. Target Corporation*, 3:13-cv-05953-SC (N.D. Cal.)

/s Christopher V. Langone
207 Texas Lane
Ithaca, NY 14850
(607) 592-2661
Co-Counsel for Plaintiff in *Ponce v. Target Corp.*, Case No. 13-cv-9070 (N.D. Ill.)

s/ Kenneth M. DucDuong
Kenneth M. DucDuong
KMD Law Office
35 W. Wacker Dr., 9th Floor
Chicago, Illinois 60601
(312) 854-7006
Counsel for Plaintiff in *McCarter v. Target Corp.*, Case No. 13-cv-9147 (N.D. Ill.)

s/ Peter S. Stamatis
Peter S. Stamatis
Steven S. Shonder
Law Offices of Peter S. Stamatis, PC
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
(312) 606-0045
Counsel for Plaintiff in *Ellis v. Target Corp.*, Case No. 13-cv-9232 (N.D. Ill.)

/s/ Steven M. Goldberg
Steven M. Goldberg (0041344)
steven@smglegal.com
STEVEN M. GOLDBERG CO., L.P.A
Solon Business Campus
31300 Solon Road, Suite 12
Solon, Ohio 44139
440.519.9900 (Phone)
877.464.4652 (Fax)
Counsel for Plaintiff in *Mannion v. Target Corp.*, Case No. 1:13-cv-02850 (N.D. Ohio) (Related Case)

/s/ Joel R. Rhine
RHINE MARTIN LAW FIRM, P.C.
Joel R. Rhine
Email: jrr@rhinelawfirm.com
Jean Sutton Martin
Email: jsm@rhinelawfirm.com
1612 Military Cutoff Road Suite 300
Wilmington, North Carolina 28403
Tel: (910) 772-9960
Fax: (910) 772-9062
Counsel for Plaintiff in *Bryant v. Target Corporation*, No. 1:14-cv-00042 (M.D.N.C.) (Related Case)

/s/ Anthony D. Irpino
Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine St.
New Orleans, LA 70130
Tel:  (504) 525-1500
Fax: (504) 525-1501
Counsel for Plaintiff in *Hawkins v. Target Corp.*, 2:13-cv-06770-LMA-KWR (E.D. La.)

/s/ Paul C. Whalen
Law Office of Paul C. Whalen, P.C.
768 Plandome Road
Manhasset, NY 11030
516-627-5610
Fax: 212-658-9685
Counsel for Plaintiffs in *Shanley v. Target Corp.*, No. 2:13-cv-07279 (E.D.N.Y.)

/s/ Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908
401-831-7730
Fax: 401-861-6064
Email: pnwlaw@aol.com
Counsel for Plaintiffs in *Knowles v. Target Corp.*, No. 1:13-cv-00793 (D.R.I.)

/s/ Tina Wolfson
Ahdoot & Wolfson, P.C.
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com
Counsel for Plaintiff in *Kirk v. Target Corp.*, 3:13-cv-05885 (N.D. Cal.)

/s/ Gene J. Stonebarger
Stonebarger Law, APC
75 Iron Point Circle
Suite 145
Folsom, CA 95630
916-235-7140
Fax: 916-235-7141
Email: gstonebarger@stonebargerlaw.com
Counsel for Plaintiff in *Mongold v. Target Corp.*, No. 3:14-cv-00218 (N.D. Cal.) (Related Case)

/s/ Gillian L. Wade
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Joseph Henry Bates, III
Randy Pulliam
David Slade
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
Telephone: (501) 312-8500
Counsel for Plaintiff in *Saiz v. Target Corp.*, 13-cv-09461 (C.D. Cal) (Related Case)

/s/ Adam E. Weinacker
Charles H. Thronson
J. Michael Bailey
Richard E. Mrazik
Adam E. Weinacker
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800 Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
ecf@parsonsbehle.com
Counsel for Plaintiffs in *Rothschild v. Target Corp.*, No. 1:13-cv-00178 (D. Utah)

s/ Francis J. "Casey" Flynn, Jr. (with consent)
Francis J. "Casey" Flynn, Jr.
Tiffany M. Yiatras
Carey, Danis & Lowe
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63105-1643
314-725-7700
Email: francisflynn@gmail.com
Email: tyiatras@careydanis.com
Counsel for Plaintiffs in *Ransom, et al. v. Target Corporation*, Case No. 4:13-cv-02591-HEA (E.D. Mo.)

/s/ James R. Patterson
James R. Patterson
Allison H. Goddard
Elizabeth R. Favret
PATTERSON LAW GROUP, APC
402 West Broadway
29th Floor
San Diego, CA 92101
(619) 398-4760
Fax: (619)756-6991
Counsel for Plaintiffs in *McLarry v. Target Corp.*, No. 3:14-cv-00121 (S.D. Cal.) (Related Case)

/s/ Beth E. Terrell
Beth E. Terrell
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Counsel for Plaintiff in *Sylvester v. Target Corp.*, No. 2:13-cv-02286-RAJ (W.D. Wash.).
Counsel for Plaintiff in *Purcell v. Target Corp.*, No. 3:13-cv-02274-JE (D. Or.)

/s/ E. Michelle Drake
E. Michelle Drake (#0387366)
Joseph C. Hashmall (#392610)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
drake@nka.com
jhashmall@nka.com
Counsel for Plaintiffs in *Burkstrand v. Target Corp.*, No. 13-cv-03593 (D. Minn.)

/s/ Jason Travis Brown
JTB LAW GROUP, LLC
155 2nd Street
Suite 4
JERSEY CITY, NJ 07302
(201) 630-0000
Fax: (855) 582-5297
Email: jtb@jtblawgroup.com
Counsel for Plaintiffs in *Santos v. Target Corp.*, No. 2:13-cv-07866 (D.N.J.)
Counsel for Plaintiff in *Tirado v. Target Corp.*, No. 1:13-cv-13212 (D. Mass.)
Counsel for Plaintiff in *Horton v. Target Corp.*, No. 0:13-cv-03583 (D. Minn.)

4829-6795-4456_3