# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: Target Corporation Customer Data Security Breach Litigation | MDL No. 2522 |

**DEFENDANT TARGET CORPORATION'S CONSOLIDATED RESPONSE TO MOTIONS TO TRANSFER RELATED ACTIONS FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

HAROLD J. McELHINNY
hmcelhinny@mofo.com
JACK W. LONDEN
jlonden@mofo.com
MICHAEL J. AGOGLIA
magoglia@mofo.com
REBEKAH KAUFMAN
rkaufman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
Target Corporation

DAVID F. McDOWELL
dmcdowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
Target Corporation

la-1234826

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................ii

I.       PRELIMINARY STATEMENT ....................................................................... 1

II.      FACTUAL AND PROCEDURAL BACKGROUND......................................... 2

III.     ARGUMENT...................................................................................................... 3

         A.       The Actions Present Common Questions of Fact. .................................. 4

         B.       Transfer and Consolidation Will Promote a Just and Efficient Litigation
                  and Prevent Inconsistent Pre-trial Rulings............................................. 5

         C.       Transfer to the District of Minnesota Would Best Serve the Convenience
                  of the Parties and Witnesses to the Actions. .......................................... 8

                  1.       The District of Minnesota is a Convenient and Efficient Forum.............. 8

                  2.       Transfer to the District of Minnesota is Warranted Because the
                           Highest Concentration of Actions Are Pending in that District. ............. 10

         D.       Plaintiffs' Arguments for the Alternative Proposed Jurisdictions Are
                  Unavailing................................................................................................ 11

IV.      CONCLUSION................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Air Crash Disaster Near Pellston, MI, on May 9, 1970,*
    357 F. Supp. 1286 (J.P.M.L. 1973)........................................................................................5

*In re Baldwin-United Corp. Litig.,*
    581 F. Supp. 739 (J.P.M.L. 1984).........................................................................................4

*In re Baycol Prods. Liab. Litig.,*
    180 F. Supp. 2d 1378 (J.P.M.L. 2001).................................................................................11

*In re Bextra & Celebrex Prods. Liab. Litig.,*
    391 F. Supp. 2d 1377 (J.P.M.L. 2005)...................................................................................9

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.,*
    416 F. Supp. 2d 1369 (J.P.M.L. 2006)...................................................................................7

*In re Cross-Fla. Barge Canal Litig.,*
    329 F. Supp. 543 (J.P.M.L. 1971).........................................................................................5

*In re Dow Chem. Co. "Sarabond" Prods. Liab. Litig.,*
    650 F. Supp. 187 (J.P.M.L. 1986)........................................................................................11

*In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.,*
    229 F. Supp. 2d 1377 (J.P.M.L. 2002)...................................................................................4

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,*
    559 F. Supp. 2d 1405 (J.P.M.L. 2008)............................................................................6, 7, 8

*In re Multidistrict Private Civ. Treble Damage Litig. Involving Plumbing Fixtures,*
    308 F. Supp. 242 (J.P.M.L. 1970).........................................................................................6

*In re Phonometrics, Inc. Elec. Long Distance Call Cost Computer
    & Recorder Patent Litig.,*
    MDL No. 1141, 1996 U.S. Dist. LEXIS 21909 (J.P.M.L. Dec. 11, 1996)...........................10

*In re Schnuck Mkts., Inc. Customer Data Sec. Breach Litig.,*
    MDL. No. 2470, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013) ..................................5, 6, 7, 8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
    802 F. Supp. 2d 1370 (J.P.M.L. 2011)............................................................................6, 7, 8

*In re St. Jude Med., Inc. Silzone Heart Valves Prods. Liab. Litig.,*
    2001 U.S. Dist. LEXIS 5226 (J.P.M.L. 2001) ....................................................................11

*In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.,*
    949 F. Supp. 2d 1378, 1380 (J.P.M.L. 2013).......................................................................10

*In re Sugar Indus. Antitrust Litig.*,
    395 F. Supp. 1271 (J.P.M.L. 1975)..................................................................................4

*In re TJX Cos. Customer Data Sec. Breach Litig.*,
    493 F. Supp. 2d 1382 (J.P.M.L. 2007)........................................................................5, 7, 9

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
    293 F. Supp. 2d 1378 (J.P.M.L. 2003)..................................................................................6

*In re Zappos, Inc. Consumer Data Sec. Breach Litig.*,
    867 F. Supp. 2d 1357 (J.P.M.L. 2012)........................................................................6, 7, 8

*Powell v. I-Flow Corp.*,
    711 F. Supp. 2d 1012 (D. Minn. 2010)................................................................................12

STATUTES

28 U.S.C.
    § 1404(a) ...........................................................................................................................12
    § 1407.....................................................................................................................1, 3, 5, 13

OTHER AUTHORITIES

*Manual for Complex Litigation* (Fourth) § 20.131 (2010) .........................................................9, 12

U.S. Courts, Federal Judicial Caseload Statistics:  U.S. District Courts – Civil, Table C-1
    ("Cases Commenced, Terminated, and Pending"), *available at*
    http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaselo
    adStatistics/2013/tables/C01Mar13.pdf (last accessed Jan. 30, 2014) ............................... 9-10

U.S. Courts, Federal Judicial Caseload Statistics:  U.S. District Courts – Civil, Table C-5
    ("Time Intervals From Filing to Disposition of Civil Cases Terminated, by District
    and Method of Disposition"), *available at*
    http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaselo
    adStatistics/2013/tables/C05Mar13.pdf (last accessed Jan. 30, 2014) ...............................9, 10

U.S. Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of
    Pending MDL Dockets (Dec. 16, 2013), *available at*
    http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-
    December-16-2013.pdf (last accessed Jan. 30, 2014).................................................................10

Defendant Target Corporation[1] respectfully submits this consolidated response to the motions for transfer that have been filed pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pre-trial proceedings.

## I.       PRELIMINARY STATEMENT

Seventy-two putative class actions and one individual action are currently pending against Target in federal courts across the country, with more cases being filed virtually each day.  The central factual allegation in all cases is identical:  that Target failed to safeguard payment data of its customers, resulting in a data breach.  The cases assert nearly identical or overlapping causes of action under state consumer protection, negligence, data breach notification, and similar laws and seek certification of overlapping or related classes.  Transfer and consolidation of the actions therefore is essential to avoid the risk of conflicting rulings and duplicative motion practice and discovery.  Such duplication would result in unnecessary cost and burden on the courts and the parties.  All cases are still in their infancy, so transfer at this time is efficient.

The District of Minnesota is the superior forum for these cases.  Target is headquartered in the district, and a majority of witnesses and documents common to all cases are located there. The District of Minnesota is centrally located, has docket conditions that are conducive to efficient litigation, and has judges with experience in multidistrict litigation who are not currently overburdened by other multidistrict matters.  Further, no other district in which cases have been filed against Target regarding the data breach has more actions currently pending, and the cases pending in the District of Minnesota have already been assigned to Judge Magnuson as

---

[1] Plaintiffs in some of the pending actions have also named other Target entities — Target Corporate Services, Inc.; Target Brands, Inc.; and Target.com — as defendants.  These entities are improperly named because they had no involvement in the allegations forming the basis of the plaintiffs' respective complaints.  Additionally, Target.com is not a corporate entity.

la-1234826                                    1

related cases.  For all these reasons, Target requests that the Panel transfer the actions to the

District of Minnesota for consolidated pretrial proceedings.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2013, Target publicly announced that it had detected unauthorized

access to Target payment card data, potentially involving customers who made credit or debit

card purchases in Target's U.S. stores from November 27 to December 15, 2013.  That same

day, plaintiffs began filing putative class action lawsuits against Target in federal courts across

the country.  Each of these cases is based on the same factual allegation; namely, that Target

failed to properly safeguard customer financial data.

The plaintiffs in all of the actions assert some combination of the following claims:

(1) negligence; (2) fraud, negligent misrepresentation, and concealment; (3) breach of contract;

(4) breach of the covenant of good faith and fair dealing; (5) breach of fiduciary duty;

(6) invasion of privacy; (7) violation of the Federal Stored Communications Act; (8) violation of

state consumer protection statutes; (9) violation of state data breach statutes; (10) bailment; and

(11) conversion.  The putative classes asserted in each of the actions are overlapping or related.

Each seeks relief on behalf of nationwide or state classes of consumers who used credit or debit

cards at Target stores from November 27 to December 15, 2013, or on behalf of financial

institutions whose customers are these same consumers.[2]

---

[2] Six of the actions seek certification on behalf of financial institutions.  (*See* Complaint, *Ala. State Emps. Credit Union*, No. 13-cv-00952 (M.D. Ala.); Complaint, *Commercial Bancshares, Inc.*, No. 14-cv-4012 (W.D. Ark.); Complaint, *Putnam Bank*, No. 14-cv-00121 (D. Minn.); Complaint, *Jim Thorpe Neighborhood Bank*, No. 14-cv-254 (D. Minn.); Complaint, *Amalgamated Bank*, No. 14-cv-263 (D. Minn.); Complaint, *Cmty. Bank of Tex., N.A.*, No. 14-cv-271 (D. Minn.).)  As with the other actions, these cases allege that Target failed to properly safeguard consumer data and on that basis assert some combination of the same claims alleged in the other actions.

To date, seventy-two putative class actions and one individual action have been filed. (*See* Target's Consolidated Schedule of Actions.)[3] Target is named as a defendant in every one of the actions. In all but one, Target is the only named defendant.[4] Twelve of the cases are pending in the District of Minnesota, the most of any jurisdiction. By contrast, the Northern District of Illinois and Northern District of California each have only seven cases pending, and each of the alternative jurisdictions proposed in the plaintiffs' respective transfer motions has even fewer. Indeed, five of the six proposed alternative jurisdictions have only one or two actions pending:

| Jurisdiction | No. of Actions Pending |
|---|---|
| Eastern District of Louisiana | 1 |
| District of Colorado | 1 |
| Middle District of Louisiana | 2 |
| District of Utah | 2 |
| Southern District of Illinois | 2 |
| Central District of California | 6 |

All of the actions are in the preliminary stages of litigation. Target has not yet responded to any of the operative complaints, and has not been served in approximately one-quarter of the actions. In those actions in which Target has been served, Target has filed, or is in the process of filing, requests to stay proceedings pending the Panel's transfer decision.

**III.    ARGUMENT**

Consolidation of actions is appropriate under 28 U.S.C. § 1407(a) when: (1) the cases involve one or more common questions of fact; (2) transfer would serve the convenience of parties and witnesses; and (3) transfer will promote the just and efficient conduct of the actions.

---

[3] Target's Consolidated Schedule of Actions lists all pending related actions that have been brought to the attention of the Panel in a motion, consolidated response, or notice of related actions. Target will continue to inform the Panel of any new related actions that are filed.

[4] This excludes improperly named Target entities. *See supra* note 1.

The actions currently pending against Target satisfy each of these requirements.  Similarly, under the applicable criteria, the District of Minnesota is the most appropriate forum for transfer and consolidation and maximizes convenience for the parties as a whole.

### A.     The Actions Present Common Questions of Fact.

These cases present common questions of fact.[5]  Indeed, many of the complaints are classic copy-cat actions.  The factual crux of every case is the allegation that Target failed to safeguard customer financial data, leading to unauthorized access of that data between November 27 and December 15, 2013.  (*See, e.g.*, Complaint, *Klein*, No. 13-CV-1974 (C.D. Cal.) ¶¶ 1-2; Complaint, *Tirado*, No. 13-CV-13212 (D. Mass.) ¶¶ 9-11, 16-17; Complaint, *Prado*, No. 14-CV-77 (D. Minn.) ¶¶ 14-15, 26-27; Complaint, *Putnam Bank*, No. 14-CV-121 (D. Minn.) ¶¶ 1-3.)  The cases similarly allege that Target failed to provide timely and sufficient notice to consumers of the breach.  (*See, e.g.*, Complaint, *Savedow*, No. 14-cv-54 (D. Minn.) ¶¶ 81, 83, 104; Complaint, *Del Gaizo*, No. 14-cv-00009 (S.D. Cal.) ¶¶ 23-24; Complaint, *Christensen*, No. 13-cv-1136 (D. Utah) ¶¶ 9, 15; Complaint, *Vasquez*, No. 13-cv-9279 (N.D. Ill.) ¶¶ 43, 58, 73-88.)

Where, as here, pending cases are based on the same core factual allegations, the Panel has determined that the "common questions of fact" element is satisfied.  *See, e.g.*, *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) (common factual questions arise where all actions focus on a common allegation); *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984) (ruling that common questions of fact exist when actions share same core allegations); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (ordering transfer because presence of

---

[5] Target in no way concedes commonality, typicality, or any other element under Rule 23 of the Federal Rules of Civil Procedure.  For purposes of this response, Target is stating only that the actions can be more efficiently and fairly litigated in a single forum.

same defendant in each action gave rise to common factual issues).  The common core allegations of each of the complaints make clear that these cases are proper for transfer under Section 1407(a).

### B.    Transfer and Consolidation Will Promote a Just and Efficient Litigation and Prevent Inconsistent Pre-trial Rulings.

Litigation of seventy-three substantially similar cases across the country offers no benefit, and will inevitably result in duplicative efforts and inconsistent rulings.  If the present petition were denied, these cases would proceed on a needlessly costly and inefficient basis; duplicative discovery, motion practice, pre-trial conferences, and other duplicative litigation activities would be inevitable.  *See, e.g.*, *In re Cross-Fla. Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L. 1971) ("Pretrial coordination or consolidation will eliminate the likelihood of repetitive discovery . . . , serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation."); *In re Air Crash Disaster Near Pellston, MI, on May 9, 1970*, 357 F. Supp. 1286, 1287 (J.P.M.L. 1973) (cases consolidated for pretrial proceedings where facts bearing on the issues of liability are common to each action and transfer would avoid the possibility of duplication of discovery).  Transfer and consolidation would eliminate these risks and benefit all parties and the court system as a whole.

First, discovery and motion practice in the actions will overlap considerably given the identical factual allegations and similar legal claims.  The parties would be required to address the same arguments and issues multiple times, and Target would be forced to engage in duplicative discovery.  The Panel has previously determined that consolidation is necessary in just these circumstances.  *See, e.g.*, *In re TJX Cos. Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d 1382 (J.P.M.L. 2007) (transferring class actions brought on behalf of consumers and a financial institution in data breach case to eliminate duplicative litigation); *In re Schnuck Mkts.,*

*Inc. Customer Data Sec. Breach Litig.*, MDL. No. 2470, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013) (transferring actions that arose from same data security breach); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011) (same); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d 1405 (J.P.M.L. 2008) (same).

Second, transfer and consolidation will avoid inconsistent rulings. Each of these cases asserts similar or overlapping claims under various state and federal laws. Further, the class definitions overlap or are substantially similar. The vast majority of the cases seek to certify either a nationwide class consisting of all persons who used a debit or credit card at a Target store between November 27 and December 15, 2013, and whose personal financial data was compromised or a state specific class that is similarly defined. (*See, e.g.*, Complaint, *Tirado*, No. 13-CV-13212 (D. Mass.) ¶ 21; *Reed*, No. 13-CV-3617 (D. Minn.) ¶ 22.) The putative nationwide classes thus encompass the statewide classes. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003) (centralizing putative class actions challenging same conduct on behalf of similarly defined yet geographically separate classes). The class actions brought by, and on behalf of, financial institutions are defined using similar criteria; namely a putative class of financial institutions whose customers used payment or debit cards at Target stores during the same, or an overlapping, time period.

The "potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts." *In re Multidistrict Private Civ. Treble Damage Litig. Involving Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970); *see also In re Zappos, Inc. Consumer Data Sec. Breach Litig.*, 867 F. Supp.

la-1234826                                              6

2d 1357, 1358 (J.P.M.L. 2012) ("We agree with the parties that centralization will . . . prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."); *In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1370 (J.P.M.L. 2006) (consolidation of the actions is necessary to prevent inconsistent pretrial rulings, "especially with respect to questions of class certification.").  Absent consolidation, the parties risk inconsistent rulings on questions of law and fact related to class certification.

For these reasons, the Panel routinely consolidates data breach cases.  *See, e.g.*, *In re Schnuck Mkts., Inc. Customer Data Sec. Breach Litig.*, 2013 WL 5670861, at *1 (consolidating cases arising out of a data security breach that included actions brought on behalf of both nationwide and state-specific putative classes, and actions that asserted either a combination of state and federal claims, or state claims only); *see also In re Zappos Customer Sec. Data Breach Litig.*, 867 F. Supp. 2d at 1358; *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d at 1371; *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d at 1406; *In re TJX Cos. Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d at 1383.

Finally, because each of the actions was filed only recently and has not progressed significantly, now is the ideal time to order transfer and consolidation.  Target has not been served in approximately one quarter of the actions and has not yet filed a responsive pleading to any of the operative complaints.  Discovery has not commenced in any of the actions.  And, finally, Target has filed, or is in the process of filing, requests to stay proceedings in those actions in which it has been served pending resolution by this Panel of the requests for transfer and consolidation.  The actions' infancy means that there will be no need for a transferee court to

reconcile proceedings that have already advanced, nor will there be any duplication of effort by the transferee court.

### C.      Transfer to the District of Minnesota Would Best Serve the Convenience of the Parties and Witnesses to the Actions.

Transfer to and consolidation in the District of Minnesota would make this litigation less costly and more convenient for all involved.

### 1.      The District of Minnesota is a Convenient and Efficient Forum.

### a.      Convenience to the Parties

The District of Minnesota is the superior forum for this litigation.  Target is named as a defendant in every one of the cases.  In all but one of the cases, Target is the only named defendant.[6]  Target is a Minnesota corporation, and its headquarters are located in that state. Most, if not all, potential witnesses and documents are located at Target's headquarters in Minnesota.  The Panel routinely selects a forum for transfer based on precisely these criteria, particularly in data breach cases.  *See In re Zappos Customer Sec. Data Breach Litig.*, 867 F. Supp. 2d at 1358 ("We conclude that the District of Nevada is an appropriate district to serve as the transferee forum for this litigation.  This district has the strongest connection to this litigation, inasmuch as Zappos is based in Hendersonville, Nevada."); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d at 1406 (transfer to district where company was headquartered and thus relevant documents and witnesses were located); *In re Schnuck Mkts., Inc. Customer Data Sec. Breach Litig.*, 2013 WL 5670861, at *2 (transferring actions that arose from data security breach to district in which the defendant's headquarters are located); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d at 1371 (same);

---

[6] The only non-Target entity named as a defendant in any of the actions is TD Bank USA, N.A., which is named as a co-defendant in the *Vasquez* action.  (*See* Compl., *Vasquez*, N.D. Ill. Case No. 13-cv-9279, ¶ 24.)

*In re TJX Cos. Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d at 1383 (same).  By contrast,

the members of the nationwide putative classes reside throughout the United States, and no other

jurisdiction has any unique connection to the litigation.  No other forum thus provides more

convenience to the parties as a whole.

### b.      Docket Efficiency

In selecting a transferee district, the Panel often considers the experience and capacity of

the available courts and judges.  *See, e.g.*, *In re Bextra & Celebrex Prods. Liab. Litig.*, 391 F.

Supp. 2d 1377, 1379 (J.P.M.L. 2005); *Manual for Complex Litigation* (Fourth) § 20.131 (2010).

The District of Minnesota has favorable docket conditions and the capacity and experience to

handle this multidistrict litigation.

The most recent data available from the Administrative Office of the United States

Courts shows that the median time from filing through disposition for civil cases is 5.4 months in

the District of Minnesota, as opposed to 12.1 months in the Middle District of Louisiana, 26

months in the Eastern District of Louisiana, 11.2 months in the District of Utah, and 11 months

in the Southern District of Illinois.[7]  Only the Central District of California and District of

Colorado have comparable median times from filing to disposition (5.4 months and 6 months,

respectively).[8]  However, the Central District of California has a substantially heavier case load

than the District of Minnesota — 10,613 civil matters currently are pending in the Central

District of California, as opposed to 4,040 civil matters in the District of Minnesota.[9]  *See In re*

---

[7] *See* U.S. Courts, Federal Judicial Caseload Statistics:  U.S. District Courts – Civil, Table C-5
("Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method
of Disposition"), *available at*
http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics
/2013/tables/C05Mar13.pdf (last accessed Jan. 30, 2014).
[8] *See id.*
[9] *See* U.S. Courts, Federal Judicial Caseload Statistics:  U.S. District Courts – Civil, Table C-1
("Cases Commenced, Terminated, and Pending"), *available at*

la-1234826                                          9

*Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1380

(J.P.M.L. 2013) (transferring actions to the District of Minnesota because, *inter alia*, the district

enjoys "favorable docket conditions").

Other jurisdictions in which multiple cases are pending have longer median times

between filing and disposition.  For example, the median time in the Northern District of

California is 6.4 months; the median time in the Northern District of Illinois is 6.6 months; and

the median time in the District of Massachusetts is 8.3 months.[10]

Further, the District of Minnesota has the capacity to handle this litigation.  There are

currently only six MDL proceedings assigned to the District.[11]  By contrast, there are sixteen

MDL proceedings assigned to the Northern District of Illinois, and fifteen assigned to the

Northern District of California, the districts with the next most related pending actions.[12]

**2.    Transfer to the District of Minnesota is Warranted Because the
Highest Concentration of Actions Are Pending in that District.**

Twelve of the actions are already pending in the District of Minnesota — more than any

other federal district court.  Of the six alternative jurisdictions requested by plaintiffs, five have

only one or two actions pending.  The sixth, the Central District of California, has six actions

pending, half the number in the District of Minnesota.  Because the greatest number of cases

were filed in the District of Minnesota, transfer to that district is appropriate for this additional

reason.  *See In re Phonometrics, Inc. Elec. Long Distance Call Cost Computer & Recorder*

*Patent Litig.*, MDL No. 1141, 1996 U.S. Dist. LEXIS 21909, at *2-4 (J.P.M.L. Dec. 11, 1996)

---

http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics
/2013/tables/C01Mar13.pdf (last accessed Jan. 30, 2014).

[10] *See* Table C-5, *supra* note 7.

[11] U.S. Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of
Pending MDL Dockets (Dec. 16, 2013), at 3, *available at*
http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-December-
16-2013.pdf (last accessed Jan. 30, 2014).

[12] *Id.* at 1-2.

(cases transferred to district where majority of actions are pending); *In re Dow Chem. Co. "Sarabond" Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986) (case transferred to district where six of fourteen actions already pending).

### D.   Plaintiffs' Arguments for the Alternative Proposed Jurisdictions Are Unavailing.

None of the arguments in support of alternative jurisdictions is compelling.  The only arguments made in support of the Middle District of Louisiana, Eastern District of Louisiana, District of Utah, and District of Colorado are that:  (1) the judges in those districts are experienced; (2) the districts are centrally located (or, in the case of the District of Colorado, "slightly centrally located") and easily accessible by plane; and (3) the districts have favorable docket conditions.  (*See* [Dkt. No. 1] *Lagarde* Plaintiff's Mot. at 3-4; [Dkt. No. 14] *Hawkins* Plaintiff's Mot. at 4-5; [Dkt. No. 81] *Council* Plaintiff's Response at 1-2.)  As discussed above, the judges in the District of Minnesota also have significant experience, including substantial MDL experience, and the District is located in a large metropolitan area that is easily accessible through major airlines.  Indeed, the Panel has already recognized that the District of Minnesota enjoys favorable docket conditions, is centrally located, and possesses the requisite facilities and resources to handle complex multidistrict litigation.  *See  In re St. Jude Med., Inc. Silzone Heart Valves Prods. Liab. Litig.*, MDL No. 1396, 2001 U.S. Dist. LEXIS 5226, at \*4-5 (J.P.M.L. Apr. 18, 2001); *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001).  The proponents of these alternative jurisdictions otherwise show no unique connection to the facts and circumstances at issue in the cases or reason why transfer to these alternative districts is appropriate.

The *Klein* Plaintiff's attempt to seek transfer to a forum she believes is "plaintiff friendly" is unavailing.  The *Klein* Plaintiff asserts that the arguments she hopes to make in

support of her claims are unlikely to "fly" in any jurisdiction other than the Central District of California.  ([Dkt. No. 20] *Klein* Plaintiff's Response at 2.)  She also asserts that "California has the most relaxed rules for class certification, settlement, attorney's fees, and is a 'haven' for privacy class actions."  (*Id.* at 2-3.)  Transfer and consolidation are not about creating an advantage for any one party, or, for that matter, a party's attorneys.  Rather, the purpose of consolidation is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  *Manual for Complex Litigation*, *supra*, § 20.131 (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).  Federal courts have rejected similar arguments as a basis for transfer in the past.  *See, e.g.*, *Powell v. I-Flow Corp.*, 711 F. Supp. 2d 1012, 1015-16 (D. Minn. 2010) (rejecting plaintiffs' request for consolidation in forum under 28 U.S.C. § 1404(a) in order to take advantage of more favorable limitations period rules, a tactic the court called "forum shopping").  Target respectfully submits that the Panel should do so here as well.

Finally, though some plaintiffs have stated that they believe the actions should be consolidated before the Honorable Robert W. Gettleman in the Northern District of Illinois, they have not shown why that district has any unique connection to the facts and circumstances at issue in the litigation, particularly when compared with the District of Minnesota.  Though they contend the cases currently consolidated before Judge Gettleman have been more active than the other pending actions against Target, that is solely because of their tactic of filing multiple motions before Judge Gettleman (none of which have been decided with the exception of purely administrative motions to consolidate and appoint interim lead counsel) in order to make that very argument before the Panel.  Indeed, Judge Gettleman has set a hearing on Target's motion to stay for February 11.

## IV.    CONCLUSION

For the reasons stated, Target respectfully requests that the Panel transfer the actions to

the District of Minnesota for consolidated pre-trial proceedings.  Transfer to the District of

Minnesota would best serve the purposes of 28 U.S.C. § 1407 and the convenience of the parties.

Dated:  January 30, 2014                    /s/ Rebekah Kaufman
                                            REBEKAH KAUFMAN

                                            HAROLD J. McELHINNY
                                            hmcelhinny@mofo.com
                                            JACK W. LONDEN
                                            jlonden@mofo.com
                                            MICHAEL J. AGOGLIA
                                            magoglia@mofo.com
                                            REBEKAH KAUFMAN
                                            rkaufman@mofo.com
                                            MORRISON & FOERSTER LLP
                                            425 Market Street
                                            San Francisco, CA 94105-2482
                                            Telephone: (415) 268-7000
                                            Facsimile: (415) 268-7522

                                            DAVID F. McDOWELL
                                            dmcdowell@mofo.com
                                            MORRISON & FOERSTER LLP
                                            707 Wilshire Boulevard
                                            Suite 6000
                                            Los Angeles, CA 90017-3543
                                            Telephone: (213) 892-5200
                                            Facsimile: (213) 892-5454

                                            Attorneys for Defendant
                                            Target Corporation

la-1234826                        13